Matthew J. Jasen, J.
Plaintiffs allege in their complaint that the decedent Richard J. Imioia was injured while working for the defendant as a result of exposure to carbon tetrachloride prior to and on March 26, 1961. On said date it is alleged that the exposure caused him to become ill and as a result thereof he was hospitalized. On April 4, 1961 the decedent died.
'This action was commenced pursuant to CPLR 203 (suibd. [b], par. 4) on April 1, 1964 by delivery of the summons to the Sheriff of the County of Erie. The complaint alleges that the action arises out of and under the Federal Employers’ Liability Act (U. S. Code, tit. 45, § 51 et seq.) and seeks damages for the “ injuries ” the pain and suffering and the death of plaintiffs’ intestate.
Pursuant to CPLR 3212, defendant moves for summary judgment dismissing that part of the complaint which claims damages for the pain and suffering of plaintiffs’ intestate on the grounds that said claim is barred by the Statute of Limitations.
It is the defendant’s contention that the cause of action “ accrued ” no later than the date on which decedent was last employed by it (March 26, 1961) and that accordingly, as the present action was not commenced until April 1, 1964, it is barred by the statute.
In support of its position defendant cites section 56 of title 45 of the United States Code, which states in regard to actions brought under the Federal Employers’ Liability Act that: “ No *503 action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued
In opposition to this motion, plaintiffs state that the exact cause of the illness and death of the decedent was not known or discovered until the autopsy findings were made available after the death of said decedent and therefore the cause of action did not accrue until the date of death April 4,1961.
The question submitted to the court is, under the Federal Employers’ Liability Act, when does a cause of action for personal injuries accrue %
It is well-settled law that a cause of action accrues on the date of the injury. In this category are personal injuries of such a character that the symptoms become immediately detectable, for example, burns, cuts, bruises, lacerations, fractured bones, etc. Practically from the moment that such injury is inflicted, the victim is aware of his condition and the wrongful act which caused it. Although he may not always know the extent of his disability or damages, he is in no doubt that he was injured. Where such knowledge exists upon the occurrence of the injury, there is an immediate accrual of the cause of action and the Statute of Limitations begins to run at that time.
However, we have other types of injuries which are not immediately detectable. In this category would fall many of the occupational diseases, such as silicosis. Ordinarily, these types of injuries do not manifest themselves when the disease is contracted or when the wrongful act which caused the injury was done, but usually a considerable time later.
Upon the facts and circumstances presented in this case, the court is of the opinion that an action under the Federal Employers’ Liability Act for injuries sustained by virtue of an occupational hazard or condition accrues at the time that the injury (disease) is discovered. (See Urie v. Thompson, 337 U. S. 163.)
The Urie case clearly demonstrates that when the nature of the injury is such that it does not manifest itself immediately, the determination of when the cause of action accrued does not depend on when the injury was inflicted. The court there held, that the cause of action accrues at such time as the victim has reason to know he has been injured and the wrongful act which caused it.
It is the opinion of this court that under the circumstances in this ease, the personal representative of the decedent had three years from the date of the discovery of the occupational disease brought about by the alleged exposure to carbon tetrachloride to commence the action for the alleged injuries. The cause of *504 action did not accrue until the results of the autopsy upon said decedent were made known, which from the facts presented here, the court finds to be April 4, 1961, the day of the death of said intestate.
Motion for summary judgment is denied.